REYNALDO C. BARCELO (State Bar No. 199741)
BARCELO, HARRISON & WALKER, LLP
2901 West Coast Hwy, Suite 200
Newport Beach, CA 92663
Telephone:   (949) 340-NON9736
Facsimile:   (949) 258-5752
Email:       rey@bhiplaw.com

Attorneys for Non-Party
VIKTOR K. DECYK Ph.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED CLUSTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NVIDIA CORPORATION, NVIDIA SINGAPORE PTE. LTD., and NVIDIA INTERNATIONAL, INC., <br><br> Defendants. | Misc. Case No.: 8:22-mc-13 <br><br> Lead Case No: <br><br> C.A. No. 19-2032-MN-CJB (D. Del.) <br><br> **NON-PARTY VIKTOR K. DECYK, Ph.D.'S MOTION TO QUASH OR MODIFY SUBPOENA TO TESTIFY AT A DEPOSITION** <br><br> [Declarations of Viktor K. Decyk, Ph.D. and Reynaldo C. Barceló filed concurrently herewith] <br><br> Date:      September 7, 2022 <br> Time:      TBD <br> Location:  TBD |

VIKTOR K. DECYK Ph.D'S MOTION
TO QUASH OR MODIFY SUBPOENA

i

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on September 7, 2022, at a time and courtroom to be determined by the Court, located at 411 West 4th Street, Santa Ana, CA 92702-4526, non-party Viktor K. Decyk, Ph.D. will move to quash or modify a Subpoena to Testify in a Civil Deposition (the "Subpoena") which was issued by Defendant Nvidia Corporation in the above-captioned action, which is pending in the United States District Court for the District of Delaware (the "Litigation").

Despite Dr. Decyk's undisputed status as a non-party in the Litigation, and notwithstanding Dr. Decyk's significant stated concerns with the undue burdens that Nvidia purports to impose on him through the Subpoena, Nvidia has ignored Dr. Decyk's reasonable requests to address his concerns (based on health and schedule issues). Specifically, Nvidia has refused to limit Dr. Decyk's deposition to four hours, has refused to limit the topics of the deposition to a reasonable subset of the numerous and onerous topics listed in the Subpoena, and has refused to provide copies of the documents to be discussed in the deposition sufficiently in advance.

As explained in the accompanying Memorandum of Points and Authorities, Dr. Decyk requests assistance from the Court, pursuant to Fed. R. Civ. P. 45(d)(3)(iv), to reasonably reduce the burdens imposed by the Subpoena.

//

//

//

//

//

VIKTOR K. DECYK Ph.D'S MOTION
TO QUASH OR MODIFY SUBPOENA

1

This motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the Declarations of Viktor K. Decyk, Ph.D. and Reynaldo C. Barceló, and any additional papers and evidence to be filed or introduced before or at the hearing on this matter.

Dated:  August 10, 2022

Respectfully submitted,

BARCELO, HARRISON & WALKER, LLP

By:   */s/ Reynaldo C. Barceló*
Reynaldo C. Barceló

2901 West Coast Hwy, Suite 200
Newport Beach, CA  92663
Tel:  (949) 340-9736
rey@bhiplaw.com

*Attorneys for Viktor K. Decyk*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Non-Party Petitioner, Viktor K. Decyk, Ph.D., respectfully submits this Memorandum of Law in support of his motion to quash the non-party Subpoena to Testify at a Deposition, dated September 29, 2020 (the "Subpoena"), pursuant to Fed. R. Civ. P. 45(d)(3)(iv), upon the ground that Dr. Decyk would be subject to under burden if the deposition proceeds as demanded by Nvidia Corporation ("Nvidia") and its counsel.

Rule 45(d)(1) requires that a party responsible for issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena."  Despite Dr. Decyk's undisputed status as a non-party and Dr. Decyk's significant concerns with the undue burdens that Nvidia purports to impose on him, Nvidia has ignored Dr. Decyk's reasonable requests to address his concerns (based on health and schedule issues).  Specifically, Nvidia has refused to limit Dr. Decyk's deposition to four hours, has refused to limit the topics of the deposition to a reasonable subset of the numerous and onerous topics listed in the Subpoena, and has refused to provide copies of the documents to be discussed in the deposition sufficiently in advance.

Under Rule 45(d)(3)(iv), this Court is required to quash a subpoena that subjects a person to undue burden.  As fully set forth herein and in the accompanying Declaration of Viktor K. Decyk, Ph.D., dated August 9, 2022 (the "Decyk Decl."), the Subpoena and Nvidia's demands concerning the logistics of its requested deposition Dr. Decyk impose undue burdens on Dr. Decyk.  Dr. Decyk

has communicated his concerns and proposed solutions, but Nvidia has refused to accommodate Dr. Decyk's reasonable requests, and has forced Dr. Decyk and its undersigned counsel to expend significant resources associated with preparing and filing this motion on an extremely compressed time schedule.

Therefore, Dr. Decyk respectfully seeks the assistance of the Court.

## II.   FACTUAL & PROCEDURAL BACKGROUND

The Court is respectfully referred to the Decyk Decl. submitted herewith for a full recitation of the facts relevant to this motion. For convenience, the facts can be summarized as follows:

Dr. Decyk is not a party to the above-captioned litigation.  He is currently seventy-four years old.  *See* Decyk Decl. at ¶ 1.  As explained in more detail below, he has significant health issues and concerns (*Id.,* ¶ 10 ), and he is very busy (*Id.,* ¶ 11).

Dr. Decyk is a distinguished research physicist at the University of California, Los Angeles ("UCLA"), and his primary research interests are in computational plasma physics, particularly the development of high-performance particle-in-cell codes and scientific programming. (*Id.,* ¶¶ 2-5).

Between approximately 1998 and 2001, Dean Dauger was a graduate student in the physics department at UCLA.  (*Id.,* ¶ 6).  During that time, Dr. Decyk worked with Mr. Dauger (now Dr. Dauger) on projects relating to parallel computational plasma physics, and they published various papers relating to those efforts.  (*Id.*).

It is Dr. Decyk's understanding that Nvidia Corporation alleges that the work Dr. Decyk performed with Dr. Dauger, as described above, as well as some of Dr. Decyk's other activities from more than twenty years ago are relevant to the above-captioned litigation.  (*Id.,* ¶ 7).  Dr. Decyk is aware that Dr. Dauger is affiliated with Advanced Cluster Systems, Inc., the plaintiff in the above-captioned litigation.  (*Id.*).  Dr. Decyk is a minority shareholder of Dauger Research, Inc., of which Dr. Decyk understands Dr. Dauger is the majority shareholder.  (*Id.*).  Dr. Decyk been a member of the Board of Directors of Dauger Research, Inc. since approximately 2001. (*Id.*).

Dr. Decyk received two subpoenas from Nvidia Corporation in the fall of 2020, requesting many documents as well as a deposition on thirty-two separate broad topics. (*Id.,* ¶ 8).[1] Dr. Decyk expended significant effort and resources at that time, along with his counsel at the time, to collect and produce documents responsive to the subpoenas, and to prepare and serve objections and responses. (*Id.*).[2]  It is Dr. Decyk's  understanding that UCLA also received similar subpoenas at approximately the same time frame and produced numerous documents in response, with assistance from Dr. Decyk. (*Id.*).[3]

Although the deposition subpoena Dr. Decyk received from Nvidia Corporation requested a deposition date of November 20, 2020, Dr. Decyk did not

---

[1] *See* the Declaration of Reynaldo C. Barceló, submitted herewith ("Barceló Decl."), at Exhibits A & B (copies of subpoenas served on Dr. Decyk).

[2] *See* Barceló Decl., at Exhibits C & D (copies of Dr. Decyk's responses and objections to subpoenas).

[3] *See* Barceló Decl., at Exhibit E (copy of subpoena served on UCLA).

VIKTOR K. DECYK Ph.D'S MOTION
TO QUASH OR MODIFY SUBPOENA                 3

hear back regarding a potential deposition until July 19, 2022 (less than a month before the close of fact discovery in the above-captioned litigation), when he was asked to comment as to his availability for a deposition.  (*Id.,* ¶ 9). Not challenging the arguable relevance of his personal knowledge to the above-captioned litigation, Dr. Decyk replied through his undersigned counsel on July 28 that he could be available for a deposition on August 12, but expressed a number of burden-related concerns.  (*Id.*).

Specifically, first, Dr. Decyk has significant health-related concerns:

a.  Given his age and health history, Dr. Decyk is concerned about the COVID pandemic and has limited his direct exposure to other people, especially in view of his upcoming eye surgery, as explained in more detail below.  This includes eliminating in-person meetings with his own counsel as well as with other attorneys and court staff.  For this reason, Dr. Decyk's meetings are conducted remotely via zoom or via some other similar technology.  (*Id.,* ¶ 10.a)

b.  Dr. Decyk is finding that it is increasingly difficult to maintain a sufficiently high level of energy and focus throughout each day, and he regularly takes a nap each day, typically between 11:30 am and 1:30 pm.  In addition, his memory is not what it used to be.  (*Id.,* ¶ 10.b)

c.  Dr. Decyk is increasingly suffering from vision problems, so much so that he had cataract surgery on his left eye in 2019, and he has

cataract surgery on his right eye scheduled for August 29, 2022. When reviewing documents or other text on a computer screen (which he does frequently as part of his work, both when he is working by himself and in remote collaboration with others), he requires a very large computer monitor and he needs to wear dark glasses, otherwise he suffers from dizziness because his brain has trouble synchronizing the signals from each of his eyes. As a result, he is physically unable to participate on long zoom sessions and has avoided them for the past few years, particularly when review of documents is involved for more than an hour at a time.

(*Id.*, ¶ 10.c)

Dr. Decyk also has significant concerns based on his busy schedule, especially given his upcoming eye surgery and subsequent recovery time, which he understands will take several weeks and will limit his activities significantly. (*Id.*, ¶ 12) Putting aside any deposition-related activities, Dr. Decyk's normal work requires close review of computer code and related technical documents, as well as intense focus for extended periods of time (which he is now forced to break up into more manageable sessions due to the health issues discussed above). (*Id.*). Currently, he is attempting to finalize a technical paper for publication, of which he is the primary author. This effort requires responding to complex and detailed comments from peer reviewers, and there is a tight deadline that he needs to meet in the next month or publication will be jeopardized. (*Id.*). In addition, he has a number of other technical papers in progress, in various stages of research and

writing.  At his age, it is imperative to expedite finalization and publication of the many technical projects he still has in progress.  (*Id.*).  Moreover, he is currently working with approximately eight Ph.D. students and post-docs in his research group and in related groups, who require his assistance with numerous highly complicated tasks relating to plasma physics and related computer simulations. (*Id.*).  Finally, Dr. Decyk was recently tasked with re-writing the computer code that will be used as part of a plasma physics class he will be co-teaching at UCLA in a few months.  (*Id.*).  This has turned out to be a very complicated task and there is a tight deadline to complete it well before the start of the class.  (*Id.*).

In view of the above concerns, Dr. Decyk requested reasonable accommodations that would reduce the burden on him in connection with a deposition on any of the many highly complex topics listed in the Subpoenas.  *See* Barceló Decl., at Exhibit E (copies of email correspondence between Dr. Decyk's undersigned counsel and Nvidia's counsel).  In particular, Dr. Decyk requested that documents to be used in the deposition be sent to him in advance of the deposition so as to facilitate his preparation and make the proceeding more efficient.  (*Id.*). Dr. Decyk also requested that the duration of the deposition be limited to four hours, especially because similar limits have been imposed by courts under even less burdensome circumstances.  (*Id.*).  Finally, Dr. Decyk requested that the topics of the deposition be limited to something more reasonable than the dozens of topics that were listed in the Subpoena.  (*Id.*).

Nvidia, through its counsel, refused to accommodate Dr. Decyk's requests, necessitating the preparation and filing of this motion on a highly compressed time schedule.  (*Id.*).

## III.   THE SUBPOENA, AS NVIDIA SEEKS TO ENFORCE IT, SUBJECTS DR. DECYK TO UNDUE BURDEN AND THEREFORE SHOULD BE QUASHED OR MODIFIED.

Dr. Decyk is a non-party, and the burdens that Nvidia seeks to impose on him with the Subpoena must be carefully considered, with Dr. Decyk's convenience firmly in mind and of paramount importance.  "The convenience for the non-party is the highest concern when dealing with such subpoenas." *Hallamore Corp. v. Capco Steel Corp.*, Misc. Action No. 08-211-SLR; (Civ. No. 08-cv-00075S), 259 F.R.D. 76 (D. Del. 2009).

Like any other method of discovery, a Rule 45 subpoena is subject to the limitations of Rule 26.  *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014). Under Rule 26, courts may limit discovery that is not relevant to any party's claim or defense, that is not proportional to the needs of the case, or that may be obtained from some source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(1), (2)(C).

In addition, Rule 45 offers greater protections to non-parties served with subpoenas to protect against improper and burdensome discovery. See Fed. R. Civ. P. 45(d)(1), (3); *see also Maplebear Inc. v. Uber Techs., Inc.*, No. 21-MC-80007-SK, 2021 WL 1845535, at *1 (N.D. Cal. Mar. 23, 2021) ("The Ninth Circuit has

VIKTOR K. DECYK Ph.D'S MOTION
TO QUASH OR MODIFY SUBPOENA

long held that nonparties subject to discovery requests deserve extra protection from the courts.") (citation omitted); *Rollins v. Traylor Bros., Inc.*, No. C14-1414-JCC, 2017 WL 1756576, at *1 (W.D. Wash. May 5, 2017) ("[D]iscovery against a nonparty is more limited than the liberal discovery against parties.").

If a subpoena subjects a non-party to undue burden, the Court must quash or modify the subpoena. Fed R. Civ. P. 45(d)(3)(A)(iv). "In determining whether a subpoena poses an undue burden, courts weigh the burden to the subpoenaed party against the value of the information to the serving party." *Amini Innovation*, 300 F.R.D. at 409 (internal quotations omitted) (citation omitted). "[O]ther factors a court should consider include the relevance of the requested information and the breadth or specificity of the discovery request." Id. at 409–10.

Dr. Decyk is not attempting to avoid the deposition requested by the Subpoena.  He is not challenging it on relevance grounds.  He offered to be available for a remote deposition starting at 9:00 Pacific time on August 12.  He merely requests reasonable accommodations in view of the circumstances, as he explained in his Declaration.  *See* Section II, *supra.*

As just one example of reasonable court-ordered accommodations in the context of a non-party deposition, a recent case from the Northern District of California is instructive.  *See Sullivan v. Personalized Media Communs., LLC*, No. 16-mc-80183-MEJ, 2016 U.S. Dist. LEXIS 129090, *10 (N.D. Cal. 2016).  In that case, the non-party witness that a party sought to depose was a former employee of Apple Corporation, which was the defendant in a patent infringement suit.  *Id.* at *3-4.  Although the court rejected the arguments by the non-party relating to

VIKTOR K. DECYK Ph.D'S MOTION
TO QUASH OR MODIFY SUBPOENA

relevance and duplicative testimony, the court nevertheless *sua sponte* limited the deposition to four hours, and required disclosure of topics to the witness five days in advance of the deposition. *Id.* at \*10.  The court did so "to ensure [the deposition] is not unduly burdensome in light of the information Petitioner may have at this point."  *Id.*   The same analysis and conclusion applies here, with even more force.

Here, the record plainly demonstrates utter disregard by Nvidia and its counsel for the convenience of Dr. Decyk and the undue burdens imposed on him by the Subpoena.  *See* Barceló Decl., at Exhibit E (copy of relevant email correspondence between Dr. Decyk's undersigned counsel and Nvidia's counsel, demonstrating impasse and inability to literally comply with L.R. 37 due to the expedited circumstances present here).  *See, e.g.*, *United States v. Gilead Sciences, Inc.*, No. 2:21-MC-0017 VAP (PVCx), 2021 U.S. Dist. LEXIS 259105, \*14-20, \*26-27 (C.D. Cal. Feb 22, 2021) ( (1) rejecting procedural objections to motion to quash a deposition subpoena directed to a non-party based on L.R. 37 due to the expedited circumstances and due to self-evident impasse from the communications of counsel; (2) limiting the topics to be addressed at the non-party deposition; and (3) *sua sponte* limiting the non-party deposition to one hour).

## IV.   CONCLUSION

For the foregoing reasons, Dr. Decyk respectfully requests that the Court quash the Subpoena to the extent that it imposes undue burden on him, *i.e.*, to the extent that it does not limit the deposition to four hours, to the extent that he does not receive copies of documents to be addressed at the deposition well in advance

of the deposition, and to the extent that it does not require Nvidia to limit the deposition topics to a reasonable scope.

Dated:  August 10, 2022

Respectfully submitted,

BARCELO, HARRISON & WALKER, LLP

By:   _/s/ Reynaldo C. Barceló_
　　　Reynaldo C. Barceló

2901 West Coast Hwy, Suite 200
Newport Beach, CA  92663
Tel:  (949) 340-9736
rey@bhiplaw.com

*Attorneys for Viktor K. Decyk*

# CERTIFICATE OF SERVICE

I certify that I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of record for the other parties to the Litigation as indicated below, via CM/ECF (to the extent applicable) and via e-mail:

> David Yang, Esq.
> Matt Hawkinson, Esq.
> Hawkinson Yang LLP
> 5670 Wilshire Boulevard, Suite 1800
> Los Angeles, California 90036
> dyang@hycounsel.com
> mhawkinson@hycounsel.com
>
> *Attorneys for Defendants*
>
> Cheryl Burgess, Esq.
> Knobbe, Martens, Olson & Bear, LLP
> 2040 Main Street, 14th Floor
> Irvine, CA 92614
> cheryl.burgess @knobbe.com
>
> *Attorneys for Plaintiff*

//

//

//

//

//

//

//

//

VIKTOR K. DECYK Ph.D'S MOTION          1
TO QUASH OR MODIFY SUBPOENA

1

2

Dated:  August 10, 2022

3

4

By:   */s/ Reynaldo C. Barceló*

Reynaldo C. Barceló

5

6

BARCELO, HARRISON &
WALKER, LLP

7

2901 West Coast Hwy, Suite 200

8

Newport Beach, CA  92663
Tel:  (949) 340-9736

9

rey@bhiplaw.com

10

*Attorneys for Viktor K. Decyk*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VIKTOR K. DECYK Ph.D'S MOTION
TO QUASH OR MODIFY SUBPOENA

2